### BOB FLOWERS *v.* STATE.

[57 South. 226.]

1. CRIMINAL LAW.  *Instructions.  Harmless error.*

Where accused was indicted for an assault and *battery* with intent to kill and murder and the evidence only showed an *assault* with intent to kill, it was harmless error for the court to instruct the jury that if they believed from the evidence beyond all reasonable doubt that defendant was guilty of assault with intent to kill and murder they should find him guilty as charged in the indictment, as under an indictment for an assault and battery with intent to kill and murder a conviction can be had for assault with intent to kill and murder.

2. SAME.

The crimes of assault and assault and battery with intent to kill and murder, are merely statutory forms of attempt to commit murder, are both created by the same statute and the punishment for each is the same.

3. HARMLESS ERROR.

A conviction will not be reversed for an error not prejudicial to the party complaining.

APPEAL from the circuit court of Warren county. HON. H. C. MOUNGER, Judge.

Bob Flowers was convicted of an assault and battery with intent to kill and murder and appeals.

The facts are fully stated in the opinion of the court. ,
No brief of counsel in the record.

SMITH, J., delivered the opinion of the court.

Appellant was indicted and convicted for an assault and battery with intent to kill and murder Ellen Carroll. The proof showed that he shot at Ellen, but failed to hit her, and that, consequently, he was guilty of an assault with intent to kill and murder, and not of an assault and battery with intent to kill and murder. The error complained of is that the court, in effect, charged the jury, for the state, that if they believed from the evidence; beyond a reasonable doubt, that appellant was guilty of assault with intent to kill and murder, they should find him guilty as charged in the indictment, thus convicting him of the battery, as well as of the assault. In so far as this instruction charged the jury to find appellant guilty as charged in the indictment, it was erroneous; but this error was perfectly harmless, and could not have prejudiced appellant. It requires no citation of authority to support the statement that, under an indictment for an assault and battery with intent to kill and murder, a conviction can be had for assault with intent to kill and murder. The latter crime is necessarily included within the former. This being true, had the court concluded its charge with a direction to find appellant guilty of an assault with intent to kill and murder, and the jury had so found, both the charge and verdict would have been correct. The crimes of assault, and assault and battery with intent to kill and murder, are mere statutory forms of attempt to commit murder, are both created by the same statute, and the punishment for each is the same. The jury, by their verdict under the instruction complained of, necessarily found the existence of facts which show that appellant was

guilty of an assault with intent to kill and murder. While the verdict returned was for assault and battery with intent to kill and murder, the punishment imposed upon appellant was the same as would have been imposed upon him had the verdict been for assault with intent to kill and murder, the crime for which he was, in fact, convicted.

It follows, therefore, that the error complained of was harmless, and this court has "full many a time and oft" held that it would not reverse a judgment for an error not prejudicial to the party complaining. The case of *Montgomery* v. *State,* 85 Miss. 330, 37 So. 835, in which the court's attention seems not to have been directed to the fact that the error was harmless, in so far as it conflicts herewith, is overruled.

*Affirmed.*